NOVELTY MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CLIMAX MACHINERY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 13595, 6962. Promulgated July 21, 1927.

In the circumstances, *held*, that the corporations involved were not affiliated in the years 1919 and 1920.

*Robert L. Ham*, for the petitioner.
*P. J. Rose, Esq.*, for the respondent.

These proceedings are for the redetermination of deficiencies asserted by the respondent against the Novelty Manufacturing Co. in the amounts of $1,464.17 and $3,295.79 for the calendar years 1919 and 1920, respectively. The Novelty Manufacturing Co. alleges that during the calendar years 1919 and 1920 it was affiliated with the Climax Machinery Co. The Climax Machinery Co. filed a petition wherein it alleged that it was, during the calendar years 1919 and 1920, affiliated with the Novelty Manufacturing Co. The amount of the deficiencies asserted against the Climax Machinery Co. is not stated.

The sole issue in the two proceedings being whether the petitioners were affiliated during the calendar years 1919 and 1920, the proceedings were consolidated for disposition. It was agreed between the parties hereto that the depositions taken in the appeal of Climax Machinery Co. and introduced as evidence therein are to be considered as evidence in the appeal of Novelty Manufacturing Co. subject to the same objections as offered in the appeal of Climax Machinery Co.

FINDINGS OF FACT.

after referred to as the Climax Company, is a corporation with its principal offices at Indianapolis, Ind.

Up to February 6, 1913, T. King owned 100 per cent of the common voting stock of the Climax Company. On February 6, 1913, T. King gave to E. K. Hood, the treasurer at that time, 200 shares of the common stock of the Climax Company as " an inducement to create in him an additional interest and efficiency in the business, and to make the business a success." During the latter part of 1919, E. K. Hood died and the 200 shares of common stock of the Climax Company were transferred to his wife. On February 26, 1921, the 200 shares of common stock held by the widow of E. K. Hood were transferred to the Novelty Company in exchange for 6 shares of preferred stock.

During the time that the widow of E. K. Hood held the 200 shares of common stock of the Climax Company, she always voted it in accordance with the wishes of T. King.

Upon audit of the Novelty Company's income-tax return for the years 1919 and 1920, the Commissioner ruled that the Novelty Company and the Climax Company were not affiliated during those years.

### OPINION.

Love: Section 240 (b) of the Revenue Act of 1918 reads as follows:

Sec. 240. (b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

The petitioners herein have failed to prove that they were affiliated during the years 1919 and 1920.

The record is silent as to the stock ownership of the Novelty Company. Likewise it is silent concerning the ownership of the stock of the Climax Company, other than the 200 shares held by E. K. Hood and later by his widow, during the years in question. Nowhere is it shown that one of the corporations owned or controlled substantially all of the stock of the other; nowhere is it shown that substantially all of the stock in both corporations was owned or controlled by the same interests.

The burden being on the petitioners to prove by competent evidence that they were during the years in question affiliated under the terms of the statute, and having failed to meet that burden, we can only approve the respondent's determination.

> *Judgment will be entered on 15 days' notice,*
> *under Rule 50.*